UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CARRANZA SANCHEZ-SARAGOZA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUZANNE M. PEERY,<br><br>　　　　　Respondent. | No.  17-cv-0278 KJN P<br><br>ORDER TO SHOW CAUSE |

　　　　Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

　　　　The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In his petition, petitioner claims he only pursued a direct appeal on the instant claims, and also checked the box stating he filed in the California Supreme Court, and by result, he typed "denied." (ECF No. 1 at 2.) However, petitioner provided no dates for any California state court appellate rulings, and did not provide a copy of orders from either court. Petitioner confirms that he was tried in Sacramento County Superior Court, People v. Sanchez, Case No. 07F11066, and that his appeal was filed by his attorney in People v. Sanchez, Case No. C068036 in the Third Appellate District Court.

However, review of the official website for the California courts reflects that petitioner's appeal in the Third Appellate District is still pending.[2] The docket for Case No. C068036 reflects that the appeal was fully briefed on July 17, 2013, but no decision has yet rendered. Id.

In addition, in In re Miguel Carranza Saragoza on Habeas Corpus, Case No. C067771, petitioner filed a petition for writ of habeas corpus on April 1, 2011, which was denied on April 7, 2011. Id.

Importantly, the California Supreme Court website reflects no filing by petitioner, either by using the trial and appeal case numbers as cross-reference, or his name variations.[3] Id.

After reviewing the petition for habeas corpus, as well as the California courts official website, the court finds that petitioner has failed to exhaust state court remedies. The claims have

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[3] In the instant petition, petitioner refers to himself as "Miguel Carranza Sanchez-Saragoza." (ECF No. 1 at 1.) However, the CDCR inmate locator lists petitioner's name as "Miguel Carranza-Saragoza." This information was obtained from the CDCR Inmate Locator website, http://inmatelocator.cdcr.ca.gov/default.aspx (accessed March 11, 2017).

not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[4] However, in an abundance of caution, petitioner is ordered to show cause why this action should not be dismissed without prejudice based on his failure to exhaust state court remedies. Failure to timely respond to this order will result in an order dismissing this action without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

3. Petitioner shall show cause, within twenty-one days, why petitioner's application for a writ of habeas corpus should not be dismissed for failure to exhaust state remedies.

Dated: March 14, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/sara0278.103

---

[4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).